UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JONATHAN FOSTER,

                    Plaintiff,

          -against-

THE STATE OF NEW JERSEY; TIFFANY
DeGRANDMAISON; DONNA TAYLOR;
CHRIS HOFFNER,

                    Defendants.

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED:___5/25/2021___

21-CV-4454 (MKV)

TRANSFER ORDER

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Jonathan Foster, who is appearing *pro se*, brings this diversity action by order to show cause, alleging that Defendants violated his constitutional rights. Named as Defendants are the State of New Jersey, Prosecutor Tiffany DeGrandmaison, Administrator Donna Taylor, and Attorney Chris Hoffner. For the following reasons, this action is transferred to the United States District Court for the District of New Jersey.

## DISCUSSION

Under the general venue provision, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1).

Plaintiff, who resides in New York, alleges that he was arrested in New York on a warrant issued in New Jersey. Plaintiff lists New Jersey addresses for Defendants. Because Plaintiff does not allege that Defendants reside in this District or that a substantial part of the events or omissions underlying his claim arose in this District, venue does not appear to be proper in this District under § 1391(b)(1) or (2).

Even if venue were proper here, however, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative

2

means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded

to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the

totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see*

*also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010)

(setting forth similar factors).

      Under § 1404(a), transfer is appropriate in this case. Although Plaintiff alleges that he

was arrested in New York, he asserts that he was arrested "on a warrant issued from the State of

New Jersey." (ECF No. 1 at 6.) It appears therefore that any subsequent incarceration of Plaintiff

occurred in New Jersey, and that the criminal charges were adjudicated in New Jersey.

Additionally, all of the Defendants are located in New Jersey, which falls within the District of

New Jersey. *See* 28 U.S.C. § 110. Venue is therefore proper in the District of New Jersey. *See* 28

U.S.C. § 1391(b). Based on the totality of the circumstances, the Court concludes that it is in the

interest of justice to transfer this action to the United States District Court for the District of New

Jersey. 28 U.S.C. § 1404(a).

## CONCLUSION

      The Clerk of Court is directed to transfer this action to the United States District Court

for the District of New Jersey.[1]

      Plaintiff has consented to receive electronic service of notices and documents in this case.

(ECF No. 3.)

      A summons shall not issue from this Court. This order closes this case.

---

[1] Whether Plaintiff is entitled to emergency injunctive relief is a determination to be made by the transferee court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    May 25, 2021
          New York, New York

_____
MARY KAY VYSKOCIL
United States District Judge

4