# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JONATHAN FOSTER,

        Plaintiff,

        v.

THE STATE OF NEW JERSEY, *et al*,

        Defendants.

Civil Action No. 21-12814 (ZNQ) (DEA)

**MEMORANDUM ORDER**

This matter comes before the Court upon Plaintiff Jonathan Foster's ("Plaintiff") Motion for Temporary Restraining Order (ECF No. 10.)[1] Plaintiff contends that "Defendants are still issuing checks in plaintiff all capital name [sic] and still doing business with all capital name [sic] without the authority of plaintiff, which is unauthorized use [sic] of property." (*Id.*)

For the reasons set forth below, the Court finds that Plaintiff has not met his burden in establishing that injunctive relief in the form of a temporary restraining order is necessary at this juncture. Injunctive relief is "an extraordinary remedy" and "should be granted only in limited circumstances." *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1426–27 (3d Cir. 1994) (internal quotation marks omitted); *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). To obtain such relief, the moving party must show:

> (1) a reasonable probability of eventual success in the litigation, and (2) that it will be irreparably injured . . . if relief is not granted. . . . [In addition,] the district court, in considering whether to grant a preliminary injunction, should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the

---

[1]Plaintiff apparently files the instant Motion for a Temporary Restraining Order *ex-parte*, given that he has filed no proof of service of the Motion on Defendants and Defendants have yet to appear in this suit.

injunction, and (4) the public interest.

*Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017) (quoting *Del. River Port Auth. v. Transamerican Trailer Transport, Inc.*, 501 F.2d 917, 919–20 (3d Cir. 1974)). A party seeking injunctive relief bears the burden of establishing "the threshold for the first two 'most critical' factors . . . . If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Id.* at 179.

The Court has reviewed Plaintiff's motion and accompanying exhibits (ECF Nos. 10 and 10-1) and finds that Plaintiff's Motion for a Temporary Restraining Order does not satisfy the requirements for granting injunctive relief under *Reilly v. City of Harrisburg*. Plaintiff has not demonstrated why injunctive relief is warranted at this stage in this litigation. As a threshold matter, Plaintiff fails to satisfy the first factor as he has not established a reasonable probability of eventual success in the litigation. Moreover, Plaintiff does not articulate what relief he is seeking, let alone the harm he is allegedly suffering. Plaintiff broadly contends that "[if] defendants are not restrained they will probably cause harm to plaintiff, they have already cause [sic] harm to plaintiff" and "[i]f defendants are not restrained they are stopping the freedom of the plaintiff." (ECF No. 10 at 1.) Thus, Plaintiff also fails to satisfy the second factor, as he fails to establish that he will be irreparably injured if the unspecified relief he is seeking is not granted. Therefore, the Court does not find the need to issue a temporary restraining order.

Accordingly, for the reasons stated above and for other good cause shown,

**IT IS** on this 12th day of July 2021,

**ORDERED** that Plaintiff's Motion (ECF No. 10) is **DENIED**.

_____
HON. ZAHID N. QURAISHI
UNITED STATES DISTRICT JUDGE