UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JONATHAN FOSTER,<br><br>  Plaintiff,<br><br>v.<br><br>THE STATE OF NEW JERSEY, *et al*,<br><br>  Defendants. | Civil Action No. 21-12814 (ZNQ) (DEA)<br><br>**OPINION** |

Plaintiff, Jonathan Foster, proceeding *pro se*, filed the instant action on May 18, 2021. The case was transferred from the Southern District of New York to the District of New Jersey. (*See* ECF Nos. 5, 7.) The case was reassigned to the undersigned on June 24, 2021. (ECF No. 8.) The Complaint appears to allege unlawful arrest. (*See* Compl., ECF No. 1.)

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to provide the opposing party with notice of what the claim is and the grounds upon which it rests. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although the pleading standard of Rule 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "[A] claim requires a complaint with enough factual matter (taken as true) to suggest the required element." *Cummings v. Henn*, Civ. No. 09-747, 2009 WL 742736, at *2 (D.N.J. March 17, 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)) (internal quotation marks omitted).

Importantly, *pro se* pleadings are held to less stringent standards than more formal pleadings drafted by lawyers and must be liberally construed. *Pritchett v. Global Tel Link Corp.*, Civ. No. 20-14355, 2021 WL 1811665, at *2 (D.N.J. May 6, 2021) (citing *Haines v. Kerner*, 404 U.S. 519 (1972)). However, even under the less stringent standard, the Complaint in this matter fails to meet the pleading requirements of Rule 8. Specifically, the Complaint fails to include logical allegations against the named Defendants. It baldly alleges that an unlawful arrest occurred, but it sets forth no facts to indicate why the arrest was unlawful. Specifically, Plaintiff's allegation that he "was arrested on charges of theft that was suppose [sic] to had happen [sic] in 2008" is an extremely broad reference to his purportedly unlawful arrest. (ECF No. 1 at 5.). Moreover, the Complaint does not identify any action by any Defendant that led to Plaintiff's alleged unlawful arrest, nor does it connect any Defendant named in the Complaint to the injury alleged, which is that he "nearly died" because unidentified doctors "played with [his] food." (*Id.* at 6.) In short, the allegations in the Complaint are too general and lack sufficient detail to provide Defendants with the requisite fair notice. *See Conley v. Gibson*, 355 U.S. 41, 47 (1957) (Rule 8 requires "fair notice of what the plaintiff's claim is and the grounds upon which it rests.").

A district court can dismiss a claim *sua sponte* if it fails to meet the requirements of Rule 8. *See Keyter v. 14,535 U.S. Government Officers,* Civ. No. 10-36, 2010 WL 658867, at *1 (D. Del. Feb. 24, 2010); *Hines v. Rimtec Corp.*, Civ. No. 07-966, 2007 WL 2332193, at *1 (D.N.J. Aug. 13, 2007); *see also Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir. 1980) (a "district court may on its own initiative enter an order dismissing the action provided that the complaint affords a sufficient basis for the court's action"). Accordingly, for the foregoing reasons, the Complaint will be dismissed without prejudice for failure to comply with Rule 8. Plaintiff will be afforded an opportunity to amend the Complaint. Plaintiff shall have thirty (30) days to do so.

Any amended complaint should comply with Rule 8's requirement that it set forth a short and plain statement of the claim showing that Plaintiff is entitled to relief. An appropriate order will be entered.

                                               ZAHID N. QURAISHI
                                               UNITED STATES DISTRICT JUDGE